

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN JONES                                       CIVIL ACTION

VERSUS                                            NO. 06-0092

ORLEANS PARISH DISTRICT ATTORNEY                  SECTION "J" (4)
(EDDIE JORDAN)

### O R D E R

*Pro se* petitioner, Kevin Jones, is a state court pretrial detainee seeking federal habeas relief pursuant to 28 U.S.C. § 2241.[1] At the time he filed his petition, Mr. Jones was incarcerated at the Winn Correctional Center in Winnfield, Louisiana, which is located in Winn Parish.

The Court finds that it lacks jurisdiction over this matter. See 28 U.S.C. § 2241. Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each

---

[1] Petitioner's application was filed on a form to be used by state prisoners filing for relief pursuant to 28 U.S.C. § 2254. However, § 2254 applies only to persons in custody pursuant to state court judgments and, therefore, is inapplicable to the instant matter involving a pretrial detainee. See Jacobs v. McCaughtry, 251 F.3d 595, 597 (7th Cir. 2001) (explaining that a state court defendant held pursuant to a state court judgment should file a habeas petition under 28 U.S.C. § 2254, but that a state court defendant attacking his pretrial detention should bring a habeas petition under 28 U.S.C. § 2241; Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) (same). Accordingly, the Court has construed petitioner's application as one filed pursuant to 28 U.S.C. § 2241.



> of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241; see also King v. Lynaugh, 729 F.Supp. 57, 59 (W.D. Tx. 1990). In King, the Court noted:

> The Congressional legislation related to § 2241 contemplates a proceeding against the person who has immediate custody over the prisoner, who has the power to produce the body of the prisoner before the Court or judge and ultimately discharge him from custody. Mounce v. Knighten, 503 F.2d 967 (5th Cir. 1974), citing Wales v. Whitney, 114 U.S. 564, 574, 5 S.Ct. 1050, 1054-1055, 29 L.Ed. 277 (1885).

King, 729 F.2d at 59.

Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The United States Fifth Circuit Court of Appeals has construed the general habeas provision in § 2241 to be a jurisdictional requirement. Lee v. Wetzel, 244 F.3d 370, 373-74 (5th Cir. 2001). The Fifth Circuit has further held that jurisdiction over a § 2241 petition lies only in the district of the petitioner's incarceration. Id. at 373; see also Rumsfeld v. Padilla, 542 U.S. 426, 124 S. Ct. 2711, 2722-23 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999) (holding that a § 2241 petition must be filed in the district where the petitioner is incarcerated); United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990) (holding that a § 2241 petition must be filed in a district with jurisdiction over either the petitioner or his custodian).

2

Petitioner was not incarcerated in this district at the time of filing. Rather, petitioner was confined at the Winn Correctional Center in Winnfield, Louisiana, which is within Winn Parish. Winn Parish is located within the boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c).

Because this Court lacks jurisdiction over the § 2241 petition, it does not have the authority to transfer the petition to the proper district. Lee, 244 F.3d at 374. The district court is required to dismiss the petition without prejudice to the petitioner's ability to refile the petition in the proper forum. Id. at 374-75. Furthermore, even assuming this Court had the authority to transfer the petition, the Court declines to do so because it does not appear from Mr. Jones's petition that all appropriate state court remedies have been exhausted. 28 U.S.C. § 1631; Rodriguez v. Cockrell, No. 03-325, 2003 WL 21356787 (W. D. Tex., May 21, 2003); see also Benson v. Gusman, No. 05-5444, 2005 WL 3543902 (E. D. La., Nov. 7, 2005) (pretrial detainees may be required, as a matter of comity, to exhaust all avenues of state relief before seeking federal relief under § 2241).

**IT IS ORDERED** that the petition filed by Kevin Jones is **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 3rd day of February, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE